**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DENNIS G. LOMAX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 3:19-cv-30025-KAR |
| WIKIMEDIA FOUNDATION, INC.; and | ) | |
| JOHN DOES 1-9, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT WIKIMEDIA FOUNDATION, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), defendant Wikimedia Foundation, Inc. ("Wikimedia") respectfully moves to dismiss this action as against Wikimedia.

The Complaint consists of a handful of conclusory allegations, almost all of which concern alleged defamation and harassment committed by unidentified defendants referred to as John Does 1-9.  As to Wikimedia, the operator of the popular website Wikipedia, Plaintiff alleges only that Wikimedia published Plaintiff's Wikimedia username as being banned from editing or publishing content on Wikipedia and other Wikimedia platforms.  Despite vaguely casting his claim as one for defamation, Plaintiff does not contend that he was not in fact banned or that Wikimedia lacks plenary discretion to ban users under its Terms of Use.  Plaintiff identifies no cause of action arising out of this lone assertion, and provides no other allegations that make any plausible claim discernible.  Even under the less stringent standard of review applied to *pro se* pleadings, the action cannot survive or be cured.  Any purported claims that might come into focus through an amended pleading would fail as a matter of law.  Plaintiff's action against Wikimedia should therefore be dismissed with prejudice.

## BACKGROUND

Wikimedia is "a non-profit organization based in San Francisco, California, that maintains twelve Internet projects—including Wikipedia—that provide free content to users around the world."  *Wikimedia Found. v. Nat'l Sec. Agency*, 143 F. Supp. 3d 344, 346–47 (D. Md. 2015); *see Wikimedia Found. v. Nat'l Sec. Agency/Cent. Sec. Serv.*, 335 F. Supp. 3d 772, 777 (D. Md. 2018) (Wikimedia "operates several 'wiki'-based projects and provides the contents of those projects to individuals around the world free of charge").  "Wikipedia is a free, multilingual, open content encyclopedia project operated by [Wikimedia]."  *People v. Fernino*, 19 Misc. 3d 290, 292 n.3 (Crim. Ct. N.Y. 2008).  It is "subject to edits by almost anyone with an

Internet connection." *Fleishman v. Cont'l Cas. Co.*, No. 09-cv-00414, 2011 WL 5866264, at *4 (N.D. Ill. Nov. 22, 2011).

Plaintiff's Complaint consists of four numbered allegations, most of which have nothing to do with Wikimedia. He alleges that certain unidentified defendants "threatened plaintiff with harm," "defam[ed] plaintiff" on a website named "RationalWiki" which is not alleged to (and indeed does not) have any association with Wikimedia, and "filed false complaints" with Wikimedia. Compl. ¶¶ 1, 2, 4. The only allegation concerning Wikimedia's conduct is that on "February 24, 2018, without warning or notice and with no violation of the Terms of Service ('TOS'), [Wikimedia] published a global ban of plaintiff, and publication continues. [Wikimedia] has refused response to plaintiff." *Id.* ¶ 3. Wikimedia's publicly-available Terms of Use provide, however, that Wikimedia "reserve[s] the right to suspend or end [Wikimedia's] services at any time, with or without cause, and with or without notice." *See* Declaration of Christopher M. Morrison ("Morrison Decl."), Ex. A at § 12 "Termination." *See also id.* § 10 "Management of Websites" (Wikimedia reserve[s] the right, but do[es] not have the obligation to: . . . Ban a user from editing or contributing or block a user's account or access for violating these Terms of Use"); *id.* § 4 "Refraining from Certain Activities" (Wikimedia "reserve[s] the right to exercise [its] enforcement discretion" with respect to violations of the Terms of Use).[1]

According to Plaintiff, "harm continues through Google searches for plaintiff's working name," and his Wikimedia username, "Abd." Compl. Part IV. On the basis of

---

[1] At the motion to dismiss stage, the Court may consider Wikimedia's Terms of Use, which are publicly available and referenced in Plaintiff's allegations and request for relief. *See Ironshore Specialty Ins. Co. v. United States*, 871 F.3d 131, 135 (1st Cir. 2017) (when reviewing 12(b)(6) motion to dismiss, court may consider "documents the authenticity of which are not disputed by the parties; . . . official public records; . . . documents central to plaintiff['s] claim; . . . documents sufficiently referred to in the complaint," or documents that the factual allegations are expressly linked to or dependent upon (citations omitted)).

these allegations, he requests $200,000 for harm to his reputation and other remedies, though it is unclear from which parties he seeks such relief. *Id.* The only relief sought against Wikimedia appears to be an order compelling it to rescind the ban or hide the publication of it, and to disclose any violations of Wikimedia's Terms of Use attributed to him. *Id.*

## LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim, a complaint must assert sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Restucci v. Clarke*, 669 F. Supp. 2d 150, 154 (D. Mass. 2009) (allowing in part motion to dismiss *pro se* complaint). While "detailed factual allegations" are not required, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions." *Twombly*, 550 U.S. at 555; *Thomas v. Rhode Island*, 542 F.3d 944, 948 (1st Cir. 2008). Although a *pro se* complaint is held to a less stringent standard than pleadings drafted by lawyers, this Court should "not 'conjure up unpled allegations' . . . to state an actionable claim." *Restucci*, 669 F. Supp. 2d at 155 (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)). *Pro se* plaintiffs "must still comply with procedural and substantive rules of law." *Id.* (citing *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)).

## ARGUMENT

## I. PLAINTIFF FAILS TO ALLEGE ANY VIABLE CLAIM AGAINST WIKIMEDIA.

Even when liberally construed, Plaintiff's Complaint sets forth no cognizable claim against Wikimedia. The bulk of the Complaint is made of conclusory allegations that unidentified defendants other than Wikimedia harmed Plaintiff. *See* Compl. ¶¶ 1, 2, 4. Plaintiff

then requests several forms of relief but does not identify which defendants are subject to each request.  Plaintiff cannot state a plausible claim against Wikimedia by "asserting his claims collectively against the defendants," while "failing to provide underlying factual support for liability for each cause of action asserted."  *Decarvalho v. Telford*, No. 17-cv-11224-MBB, 2017 WL 3668411, at *2 (D. Mass. Aug. 24, 2017); *Bagheri v. Galligan*, 160 Fed. Appx. 4, 5, 2005 WL 3536555, *1 (1st Cir. 2005) (unpublished) (dismissal was appropriate where plaintiff failed to clearly state which defendant or defendants committed each of the alleged wrongful acts).

The only allegation relating to Wikimedia is that it published—by identifying his Wikimedia username, "Abd"—that it banned Plaintiff, presumably from certain usage of Wikimedia's websites.  Plaintiff, however, does not assert any legal theory or cause of action arising out of this lone allegation.  *See Morrissey v. Lunn*, No. 17-cv-40007-GAO, 2018 WL 897895, at *2 (D. Mass. Jan. 3, 2018) (pleadings were deficient for failing "to identify any specific legal theory or cause of action"); *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (dismissal is appropriate if complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory" (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005))).  "[The] failure to identify a particular legal theory . . . places an unfair burden on the defendant to speculate on the potential claims that plaintiff may be raising against it and the defenses it might assert in response to each of these possible causes of action."  *Ateek v. Massachusetts*, No. 11-cv-11566-DPW, 2011 WL 4529393, at *3 n.7 (D. Mass. Sept. 27, 2011) (citation omitted).

Plaintiff's allegations that Wikimedia published the ban and that he was harmed because the ban is publicly visible on the internet amounts to no more than a mere allegation of harm

without a cause of action, which fails to satisfy even the most generous pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (complaint must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation" (quoting *Twombly*, 550 U.S. at 555)). He does not even claim that the ban was in violation of Wikipedia's Terms of Use, which vest Wikimedia with plenary authority (which Wikimedia exercises infrequently) to ban any user for any reason, and even for no reason. Because Plaintiff has not identified a viable legal theory or cause of action, nor provided any supporting allegations, the Complaint fails to state a plausible claim for relief against Wikimedia.

## II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE.

The Complaint against Wikimedia should be dismissed without leave to amend. Although courts "guard against the loss of pro se claims due to technical defects," Plaintiff's claims against Wikimedia have no potential for success on the merits. *Rodi v. S. New England Sch. Of Law*, 389 F.3d 5, 20 (1st Cir. 2004) (citation omitted). The Court may dismiss a *pro se* complaint, even *sua sponte*, "where it is 'crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile[.]'" *Green v. Concord Baptist Church*, 313 Fed. App'x. 335, 336 (1st Cir. 2009) (unpublished) (citation omitted). "In reviewing for 'futility,' the district court applies the same standard of legal sufficiency as applies to a Rule 12(b)(6) motion." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). Here, Plaintiff's case against Wikimedia is entirely premised on the publication of the ban or the imposition of it. But claims arising therefrom either fail as a matter of law or are barred by statutory immunity.

### A.   Plaintiff has no actionable claim against Wikimedia based on the publication of the ban.

To the extent that the allegation that Wikimedia published the ban sounds in defamation, Plaintiff has no grounds for relief. To bring a claim for defamation under Massachusetts law,

Plaintiff must plausibly plead the following elements: "(1) the defendant published an oral (slander) or written (libel) statement; (2) the statement was about, and concerned, the plaintiff; (3) the statement was defamatory; (4) the statement was false; and (5) the plaintiff suffered economic loss, or the claim is actionable without proof of economic loss." *Noonan v. Staples, Inc.*, 707 F. Supp. 2d 85, 89 (D. Mass. 2010) (citing *Stanton v. Metro Corp.*, 438 F.3d 119, 124 (1st Cir. 2006)).   At a minimum, Plaintiff does not allege that any statement by Wikimedia was defamatory; there is no allegation that Wikimedia published the reason for the ban, or any information besides the mere occurrence of it.   *See, e.g.*, *Pan Am Sys., Inc. v. Hardenbergh*, 871 F. Supp. 2d 6, 16 (D. Me. 2012) (under Maine law, "a statement that an individual is fired, without providing defamatory reasons for the firing, is not defamatory").   He also fails to allege any non-conclusory allegations about the economic loss or other actual damage suffered as a result of the ban.   *See Draghetti v. Chmielewski*, 626 N.E.2d 862, 868 (Mass. 1994) ("Damages in a defamation case are limited to actual damages, which are compensatory for the wrong that has been done."); *Tomaselli v. Beaulieu*, 967 F. Supp. 2d 423, 453–54 (D. Mass. 2013), *aff'd* (Dec. 16, 2014) (holding that "[c]onclusory charges of defamation," *i.e.*, that defendants continue "to defame and publicly humiliate Plaintiffs and continue to misrepresent facts" are insufficient to state a claim).

Even if Plaintiff could cure certain pleading defects, he plainly does not allege that Wikimedia made a false statement.   Given that Plaintiff requests that the ban be lifted, he appears to acknowledge that the fact that the ban was imposed is true.   *See* Compl. Part IV.   "The lodestar of Massachusetts defamation law is the axiom that truth is an absolute defense to defamation."   *Noonan*, 707 F. Supp. 2d at 90.   Plaintiff does not dispute that he was banned, but suggests obliquely that the ban was the result of wrongdoing of unnamed parties who induced

Wikimedia to ban him.  Absent even a colorable allegation of falsity, Plaintiff cannot plead the elements of defamation and Wikimedia has an absolute defense.  *See Noonan v. Staples, Inc.*, 556 F.3d 20, 28 (1st Cir. 2009) (no defamation claim, without proving actual malice, where company truthfully stated that it fired plaintiff after investigation determined him to be out of compliance with company policy).

Massachusetts law recognizes a "narrow exception" to this defense where plaintiff can show that the defendant acted with "actual malice" in publishing a truthful statement at issue. *Mondol v. City of Somerville*, 2017 WL 4845019-ADB, at *12 (D. Mass. Oct. 26, 2017), *aff'd*, 746 Fed. Appx. 35 (2018).  Actual malice in this context means "ill will" or "malevolent intent." *Id.*  Here, Wikimedia allegedly published no more than that Plaintiff's username was banned, and did not otherwise publish a statement specific to Plaintiff or the reasons that it imposed a ban.  There is nothing to suggest that Wikimedia acted maliciously or with ill will.  *See Mateo v. Univ. Sys. of New Hampshire*, No. 18-cv-11953-FDS, 2019 WL 199890, at *7 (D. Mass. Jan. 14, 2019) (dismissing defamation claim where plaintiff failed to allege that published statements "were true but sent with actual malice").  The lack of any false statement by Wikimedia renders Plaintiff's potential defamation claim futile.

**B.     Plaintiff has no actionable claim against Wikimedia based on the ban itself.**

Plaintiff does not plead any claim against Wikimedia based on the imposition of the ban, as opposed to its publication, though he requests that the ban be lifted.  *See* Compl. Part IV. There is no need to allow Plaintiff an opportunity to plead any claims based on the ban itself because they would be barred by Section 230 of the Communications Decency Act ("CDA").  47 U.S.C. § 230(c)(1).[2]

---

[2] "Preemption under the [CDA] is an affirmative defense, but it can still support a motion to dismiss if the statute's barrier to suit is evident from the face of the complaint."  *Nat'l Ass'n of*

Section 230 of the CDA provides "broad immunity to entities . . . that facilitate the speech of others on the Internet." *Hiam v. HomeAway.com, Inc.*, 267 F. Supp. 3d 338, 345–46 (D. Mass. 2017), *aff'd*, 887 F.3d 542 (1st Cir. 2018) (quoting *Univ. Commc'n Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 415 (1st Cir. 2007)); *see Small Justice LLC v. Xcentric Ventures LLC*, 873 F.3d 313, 322 (1st Cir. 2017) ("[I]mmunity under § 230 should be 'broadly construed.'" (citation omitted)).  To give effect to this purpose, Section 230 provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider," 47 U.S.C. § 230(c)(1), and "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section," *id.* § 230(e)(3).  The CDA, therefore, precludes state law claims where three criteria are met: "(1) [the entity] is a 'provider or user of an interactive computer service'; (2) the claim is based on 'information provided by another information content provider'; and (3) the claim would treat [the entity] 'as the publisher or speaker' of that information." *Hiam*, 267 F. Supp. 3d at 346 (quoting *Lycos*, 478 F.3d at 418).  Where Section 230 immunity applies, dismissal with prejudice is appropriate.  *See, e.g.*, *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1096 (N.D. Cal. 2015), *aff'd*, 697 F. App'x 526 (9th Cir. 2017) (refusing to grant leave to amend claims barred by the CDA).[3]

---

*the Deaf v. Harvard Univ.*, No. 15-cv-30023-KAR, 2019 WL 1409302, at *12 (D. Mass. Mar. 28, 2019) (quoting *Klayman v. Zuckerberg*, 753 F.3d 1354, 1357 (D.C. Cir. 2014)).  For the reasons stated below, Wikimedia's immunity under Section 230 is "definitively ascertainable from the complaint and other allowable sources of information" and able to be established "with certitude." *Id.* (citations omitted).

[3] *See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009) ("Section 230 immunity, like other forms of immunity, is generally accorded effect at the first logical point in the litigation process."); *see also Fair Hous. Council of San Fernando Valley v. Roommates.Com, LLC*, 521 F.3d 1157, 1175 (9th Cir. 2008) ("[S]ection 230 must be interpreted to protect websites not merely from ultimate liability, but from having to fight costly and protracted legal battles.").

Wikimedia satisfies the elements for Section 230 immunity.  First, Wikimedia squarely falls within the meaning of a provider or user of an "interactive computer service" under the statute's broad definition of that term.  *See* 47 U.S.C. § 230(f) ("any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server").  At least one court has already held that Wikimedia meets this requirement and qualifies for Section 230 protection.  *See* Morrison Decl. Ex. B, *Bauer, et al. v. Glatzer, et al.*, No. L-1169-07 (N.J. Super. Ct. July 21, 2008) ("[D]efendant Wikimedia is a provider and user of an 'interactive computer service' and is therefore immune from all claims asserted against it in the [complaint] which rely upon alleged publication of information provided by another 'information content provider' as those terms are defined by 47 U.S.C. § 230(f).").  As the operator of Wikipedia and other internet-based projects, Wikimedia is plainly a provider and user of an interactive computer service under Section 230.

Second, any of Plaintiff's potential claims concern "information provided by another information content provider," namely Plaintiff himself.  "Information content provider" means "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  To the extent Plaintiff challenges the imposition of the ban, he challenges Wikimedia's decision to restrict his ability to create content on Wikipedia or other Wikimedia platforms.  *See* Morrison Decl. Ex. B; *Sikhs for Justice*, 144 F. Supp. 3d at 1094 (creator of a Facebook page that Facebook allegedly blocked was the "information content provider" for purposes of CDA immunity); Morrison Decl. Ex. C at 195, *Twitter v. Superior Court for the City and County of San Francisco*, No. A154973 (Cal. App. 1st  Aug. 17, 2018) (where Twitter

permanently banned user, no dispute among parties that user's postings on Twitter constituted

information provided by another information content provider).[4]

Third, any potential claims arising out of the ban itself treat Wikimedia as the publisher

of third-party content.  "[F]ederal courts have specifically ruled that a service provider's exercise

of control over user accounts is immunized by Section 230."  Morrison Decl. Ex. C at 196; *see,*

*e.g.*, *Mezey v. Twitter, Inc.*, No. 18-cv-21069-KMM, 2018 WL 5306769, at *1 (S.D. Fla. July 19,

2018) (dismissing with prejudice plaintiff's lawsuit "under various theories of liability alleging

that Defendant unlawfully suspended his Twitter account" on grounds of Section 230 immunity).

"[T]he decision to furnish an account, or prohibit a particular user from obtaining an account, is

itself publishing activity."  *Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1124 (N.D. Cal. 2016),

*aff'd*, 881 F.3d 739 (9th Cir. 2018).  In short, "any activity that can be boiled down to deciding

whether to exclude material that third parties seek to post online is perforce immune under

section 230."  *Fair Hous. Council of San Fernando Valley v. Roommates.com, LLC*, 521 F.3d

1157, 1170–71 (9th Cir. 2008).  That includes restricting a third-party user's ability to publish

content on that website.

Recently, in *DeLima v. YouTube, LLC*, No. 17-cv-733-PB, 2018 WL 4473551, at *2

(D.N.H. Aug. 30, 2018), an individual filed a lawsuit against Google, YouTube, Twitter, and

other websites arising out of her use of the defendants' websites.  She sought to hold defendants

liable because they "closed or shut down [her] accounts" and "locked plaintiff out of her

---

[4] *See also Fields v. Twitter, Inc.*, 217 F. Supp. 3d 1116, 1124 (N.D. Cal. 2016), *aff'd*, 881 F.3d 739 (9th Cir. 2018) (noting that plaintiffs' claims concerning "blocking Twitter accounts instead of particular tweets" were still based on Twitter's status or conduct as a publisher of third-party content); *Cohen v. Facebook, Inc.*, 252 F. Supp. 3d 140, 157 (E.D.N.Y. 2017) ("Facebook's choices as to who may use its platform are inherently bound up in its decisions as to what may be said on its platform, and so liability imposed based on its failure to remove users would equally 'derive[ ] from [Facebook's] status or conduct as a 'publisher or speaker.'").

accounts." *Id.* at *3. Magistrate Judge Andrea K. Johnstone determined that such allegations "describe conduct that constitutes the 'exercise of a publisher's traditional editorial functions – such as deciding whether to publish, withdraw, postpone or alter content,' for which the CDA immunizes the defendant interactive computer service providers." *Id.* at *7 (quoting *Hiam*, 267 F.Supp.3d at 346). The district court adopted the Magistrate Judge's Report and Recommendation that the lawsuit be dismissed, *DeLima v. YouTube Inc*, 2018 WL 4471721 (D.N.H. Sept. 18, 2018), and last month, the First Circuit affirmed the judgment "essentially for the reasons discussed in Magistrate Judge Johnstone's Report and Recommendation." *Delima v. YouTube, Inc.*, No. 18-1666, 2019 WL 1620756 (1st Cir. Apr. 3, 2019). Here, Plaintiff's claims concerning the ban itself, while either nonexistent or deficiently pled, likewise come within Section 230's broad immunity.

Plaintiff's claims based on the ban cannot be cured with leave to amend. The question of whether Section 230 immunity applies does not depend on the form of the asserted cause of action; rather, "what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101–02 (9th Cir. 2009). If the "duty that the plaintiff alleges the defendant violated derives from the defendant's status or conduct as a 'publisher or speaker,'" then "[S]ection 230(c)(1) precludes liability." *Id.*; *see Nat'l Ass'n of the Deaf v. Harvard Univ.*, No. 15-cv-30023-KAR, 2019 WL 1409302, at *12 (D. Mass. Mar. 28, 2019). Any claim asserted by Plaintiff would treat Wikimedia as a publisher of content provided by another, and would be barred by Section 230.

## CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Complaint against Wikimedia with prejudice.

Dated: May 20, 2019

Respectfully submitted,

WIKIMEDIA FOUNDATION, INC.,

By its attorneys,

/s/ Christopher M. Morrison

Christopher M. Morrison (BBO #651335)
Erik N. Doughty (BBO #691487)
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Telephone: (617) 960-3939
Facsimile: (617) 449-6999
cmorrison@jonesday.com
edoughty@jonesday.com

*Attorneys for Defendant Wikimedia
Foundation, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Christopher M. Morrison, hereby certify that I caused a true copy of the foregoing

Memorandum of Law in Support of Defendant Wikimedia Foundation, Inc.'s Motion to Dismiss

Plaintiff's Complaint to be served through the ECF system on all parties registered to receive

ECF notices in this case, and to Plaintiff via first class mail, postage prepaid.

Dated: May 20, 2019                           /s/ Christopher M. Morrison
Boston, Massachusetts                         Christopher M. Morrison