# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| DENNIS G. LOMAX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-cv-30025-MGM |
| | ) | |
| WIKIMEDIA FOUNDATION, INC. et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT WIKIMEDIA FOUNDATION, INC.'S**
**MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

ARGUMENT ...................................................................................................................... 2

      I.      PLAINTIFF FAILS TO PLAUSIBLY ALLEGE DEFAMATION............................................ 2

              A.      Plaintiff's bare conclusions of actual malice rest on speculation ............. 2

              B.      *Noonan v. Staples* undercuts Plaintiff's claim .......................................... 4

              C.      *Doe v. Amherst College* supports dismissal............................................... 5

      II.     PLAINTIFF FAILS TO PLAUSIBLY ALLEGE CIVIL CONSPIRACY ................................... 6

      III.    PLAINTIFF'S INTENT TO REQUEST LEAVE TO FILE A FURTHER AMENDED
             COMPLAINT IS IMPROPER AND FUTILE .................................................................... 7

CONCLUSION..................................................................................................................... 7

## TABLE OF AUTHORITIES

**Page**

CASES

*Doe v. Amherst College*,
    238 F. Supp. 3d 195 (D. Mass. 2017) ...................................................................5, 6

*Kader v. Sarepta Therapeutics, Inc.*,
    887 F.3d 48 (1st Cir. 2018).........................................................................................7

*Noonan v. Staples, Inc.*,
    556 F.3d 20 (1st Cir. 2009)......................................................................................2, 4

*Noonan v. Staples, Inc.*,
    707 F. Supp. 2d 85 (D. Mass. 2010) ........................................................................4, 5

STATUTES

Section 230 of the Communications Decency Act ............................................1, 3, 6, 7

## INTRODUCTION

Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 28) (the "Opposition") fails to identify *any* allegations in the Amended Complaint sufficient to state a claim against Wikimedia. The claims solely rest on bare conclusions and a misunderstanding of the law.

As an initial matter, Plaintiff voluntarily dismisses Count 4 ("Violation of Implicit Contract -- WMF"). *See* Opp. 18. He also concedes there are no allegations against Wikimedia in support of Count 1 ("Defamation -- All Defendants"). *See id.* 8-9. That leaves Count 2 ("Defamation -- WMF") and Count 3 ("Civil Conspiracy -- all Defendants"). On Count 2, Plaintiff concedes he alleges no false statement, and his allegations of malice amount to pure speculation. *See id.* 10. Without an underlying tort or allegations of substantial assistance or agreement to conspire, Plaintiff likewise has no claim for civil conspiracy under Count 3. *See id.* 15-18. Moreover, he admits that Section 230 of the Communications Decency Act immunizes Wikimedia from his claims which seek to hold it liable for banning him from editing its websites. *See id.* 14.

Plaintiff has failed twice to plead plausible allegations. The Opposition, for which he received additional time to file after missing the deadline, reinforces that his claims arise only from his frustration with Wikimedia's website administration and the alleged conduct of the individual defendants. *See* ECF No. 26. Neither is a basis for a claim against Wikimedia. For the reasons set forth herein and in Wikimedia's Motion to Dismiss Plaintiff's Amended Complaint (ECF Nos. 19, 20) ("Motion to Dismiss" or "MTD"), Plaintiff has no prospect of stating a claim against Wikimedia, and the Amended Complaint should be dismissed with prejudice.[1]

---

[1] Still none of the individual defendants in this case appear to have been served. Wikimedia again notes that to the extent Plaintiff's claims against Wikimedia are not entirely dismissed, Wikimedia reserves the right to move to dismiss or transfer this case to the Northern District of California pursuant to Wikimedia's Terms of Use. *See* MTD 5-6 n.4.

<u>**ARGUMENT**</u>

## I.    PLAINTIFF FAILS TO PLAUSIBLY ALLEGE DEFAMATION

Plaintiff concedes that there are no allegations pertaining to Wikimedia in support of Count 1. *See* Opp. 8-9. Rather, Wikimedia is the "focus[]" of Count 2. *Id.* at 9. Accordingly, Count 1 should be dismissed as to Wikimedia.

On Count 2, Plaintiff fails to plausibly allege each element of defamation. First, Wikimedia did not publish a defamatory statement. *See* MTD 8. Wikimedia published nothing more than that the individual with the username "Abd" was banned from editing Wikimedia's websites. *See* Opp. 10. Second, even if Plaintiff need not allege economic damages, he must still plead beyond bare conclusions there was harm to his reputation caused by Wikimedia's publication, which he fails to do. *See* MTD 8-9.

Even if Plaintiff had plausibly alleged the elements above, he admittedly does not plead falsity and concedes the "fact" of the ban is true. *See* MTD 9; Opp. 10. The First Circuit has also rejected his flawed theory that the "reasonable implications of the published ban . . . were clearly false." Opp. 10. *See Noonan v. Staples*, 556 F.3d 20, 27 (1st Cir. 2009) (refusing to adopt argument that an "objectively true statement" gives rise to a defamation claim "if reasonable readers might infer from it other, untrue characteristics of the plaintiff or conduct by him"). As discussed below, Count 2 fails because Plaintiff cannot plead actual malice.

### A.    Plaintiff's bare conclusions of actual malice rest on speculation

Unable to identify a false statement, Plaintiff must plausibly allege that Wikimedia published the fact of the ban with "actual malice." *See* Opp. 12-13; MTD 10. At best, he argues that publication of the ban was "unnecessary." *See* Opp. 13-14, 18. But necessity is not the standard—Plaintiff must plead "ill-will" or "malevolent intent." MTD 10.

Plaintiff primarily asserts no malice at all.  Rather, he claims Wikimedia was wrongly induced into banning him by the false complaints of the individual defendants.  *See* Am. Compl. ¶¶ 34-35; MTD 9-11.  His alternative theories fare no better.  He faults Wikimedia for imposing the ban itself, speculating that Wikimedia "resent[s] critics" and "disruptive" people without any supporting factual allegations. [2]  *See, e.g.*, Opp. 12-14, 17; Am. Compl. ¶¶ 53, 68. [3]  Notwithstanding the lack of support, the reason for *imposing* the ban is irrelevant to the intent behind its *publication*.  *See* MTD 10-11.  Plaintiff concedes that the Terms of Use "properly" give Wikimedia plenary discretion to terminate its services for any reason and that imposing the ban falls squarely within Wikimedia's Section 230 immunity.  *See* Opp. 14; MTD 2, 9-10, 14-18.  And as Plaintiff acknowledges, since 2015, Wikimedia has maintained a publicly available "WMF Global Ban Policy" explaining that Wikimedia will publish the username of a banned account holder, but refrain from publishing the reason for the ban to protect that person's privacy.  *See* Opp. 14; MTD 2-3.  Plaintiff does not dispute that Wikimedia published the fact of the ban in accordance with its long-standing policy, and offers no basis for concluding that compliance therewith suggests ill-will or malevolence towards him.

Without any basis to allege malice in publishing *his* global ban, Plaintiff resorts to guessing that malice "may be part of the reason" Wikimedia publishes *all* global bans of users.  Opp. 18.

---

[2] Plaintiff misquotes Wikimedia as arguing "there is 'no evidence' for malice."  Opp. 12.  Wikimedia's Motion to Dismiss makes no reference to evidence.  Plaintiff's problem is the lack of plausible allegations.  *See* MTD 9-11.

[3] Plaintiff's only support is an allegation that Wikimedia at some point banned a journalist who was investigating Wikimedia.  *See* Am. Compl. ¶ 68.  But that does not address the intent in publishing Plaintiff's ban.  It does not even concern the reason for imposing Plaintiff's ban or the journalist's ban, for that matter.  Otherwise, the Opposition improperly inserts new allegations that the founder of Wikipedia allegedly once commented negatively on "proponents of alternative medicine."  *See* Opp. 17.  These new allegations are untimely, incoherent, and irrelevant to the plausibility of Wikimedia's alleged intent.

The Amended Complaint has no allegations concerning the reasons for publishing the thirty or so other global bans or how limiting publication to the chosen username of an account holder and the fact of a ban on editing suggests malice.  There is no plausible basis for inferring that the WMF Global Ban Policy could derive from ill-will towards all *past and future* users who might be banned under any number of circumstances.  Plaintiff's conclusory assertion has no support in plausible factual allegations and only underscores the speculative nature of Plaintiff's claim.

B.   ***Noonan v. Staples*** **undercuts Plaintiff's claim**

Plaintiff relies on *Noonan v. Staples, Inc.*, 556 F.3d 20 (1st Cir. 2009) ("*Staples I*") and *Noonan v. Staples, Inc.,* 707 F. Supp. 2d 85 (D. Mass. 2010) ("*Staples II*") to excuse his deficient pleading.  His only argument is that because Noonan's defamation claims reached discovery on the issue of malice, so should his.  *See* Opp. 12.

*Staples I* concerned an employee (Noonan) who was fired from Staples for padding expense reports, after which a Staples executive sent an e-mail to numerous employees identifying Noonan by his first and last name and stating that he had been fired for violating Staples' travel and expense policy.  *See Staples I*, 556 F.3d at 22-24.  Reviewing a summary judgment decision, the First Circuit identified a factual issue concerning malice because (1) the executive "had never previously referred to a fired employee by name in an e-mail or other mass communication," (2) the executive "did not send around a similar e-mail" regarding another employee who was fired on similar grounds, and (3) the executive may have e-mailed employees for whom the travel and expense policy was irrelevant.  *Id.* at 30-31.  The court held that "a jury could permissibly infer that [the Staples executive] singled out Noonan in order to humiliate him."  *Id.* at 30.

Noonan filed *Staples II* one week before trial in *Staples I*, asserting a separate defamation claim against Staples and the same Staples executive for statements made, one month before trial, that Noonan "never denied stealing" from Staples.  *See Staples II*, 707 F. Supp. 2d at 88.  The court

deemed the malice allegations plausible because, by a month before trial, Noonan had further caused great expense to Staples and personal inconvenience to the executive who sent the plausibly malicious e-mail at issue in *Staples I*. *Id.* at 92.

These related cases are readily distinguishable from this action. Plaintiff here alleges the opposite of being "singled out." While the Staples executive's actions concerning Noonan were unprecedented compared to actions taken against similarly-situated employees, Plaintiff concedes Wikimedia acted in accordance with an established policy and published the ban of Plaintiff in the same manner as it has "all banned users." *See* Am. Compl. 6; Opp. 14. Moreover, Wikimedia published far less information compared to Staples. While the Staples executive disclosed the employee's first and last name and the reason for firing him, and suggested the employee stole from the company, Wikimedia only published Plaintiff's chosen username and that he was disallowed from editing its websites, but refrained from stating the reason why. And, unlike in *Staples II*, there was no prior act of malice or looming trial involving Plaintiff and Wikimedia when the ban was published. Nor are there any factual allegations that Plaintiff caused great cost or personal inconvenience to Wikimedia. In short, the Amended Complaint entirely lacks the allegations that made the malice allegations plausible in *Staples I* and *Staples II*.

### C. *Doe v. Amherst College* supports dismissal

Plaintiff acknowledges that a defamation claim was dismissed on a motion for judgment on the pleadings in *Doe v. Amherst College*, 238 F. Supp. 3d 195 (D. Mass. 2017). That case involved a college student accused of sexual misconduct and his claims that the disciplinary process was biased and violated his contract with the college. *Id.* at 202-203. The student also asserted a defamation claim based on, among other things, a notation on his transcript stating he was subject to disciplinary expulsion. *Id.* at 226-227. This Court granted judgment on the pleadings, because the notation on the transcript was accurate and the student "ha[d] not pleaded

facts directly suggesting, or from which the court could infer, the notation was appended to the transcript with ill will or malevolent intent." *Id.* at 227.

Plaintiff attempts to distinguish *Amherst College*, asserting that the case "turned around," because "evidence appeared that the investigation truthfully reported had been seriously defective." Opp. 13. Nothing "turned around" in *Amherst College*. Plaintiff relies on a section of *Amherst College* that concerned the student's separate claim for breach of contract based on the college's written procedure for investigating sexual misconduct. *See Amherst College*, 238 F. Supp. 3d at 217-18. Notwithstanding Plaintiff's misinterpretation of Wikimedia's Terms of Use, he voluntarily dismissed the only contract-based claim from this case, *see* Opp. 18, and the alleged basis for imposing the ban itself is immaterial to defamation. *See* MTD 9-10, 14-18. Thus, whether Wikimedia investigated complaints to Plaintiff's satisfaction is irrelevant, and *Amherst College* does not suggest otherwise.

## II.   PLAINTIFF FAILS TO PLAUSIBLY ALLEGE CIVIL CONSPIRACY

The Opposition does not respond to any arguments raised in the Motion to Dismiss concerning Count 3 for civil conspiracy. *See* Opp. 15-18. Plaintiff merely recites the allegations of the Amended Complaint, nearly all of which concern the individual defendants.[4] *See id.*

As stated in the Motion to Dismiss, Plaintiff's failure to plead defamation forecloses his civil conspiracy claim. *See* MTD 11-13. Moreover, he fails to allege that Wikimedia agreed to conspire with the individual defendants or knowingly provided substantial assistance to their allegedly tortious conduct. *See id.*; Opp. 15-18. There is no allegation that Wikimedia had any

---

[4] As stated above, *see supra* at 3, Plaintiff improperly adds new allegations concerning Wikimedia's purported intent in imposing the ban. *See* Opp. 17. These late allegations are irrelevant to the defamation and civil conspiracy claims, and demonstrate that Plaintiff seeks to hold Wikimedia liable for the imposition of the ban, as opposed to its publication, which is also protected by Section 230 immunity. *See id.*; MTD 14-18.

involvement with the individual defendants in filing complaints about Plaintiff.  He alleges the opposite—that Wikimedia failed to investigate these complaints.  *See* Am. Compl. ¶ 35; Opp. 17-18.  Plaintiff cannot tie Wikimedia to an alleged conspiracy to write false complaints about him on the mere assertion that Wikimedia received the complaints and banned him, which Plaintiff concedes was properly within its discretion.  *See* Am. Compl. ¶ 62; Opp. 14, 17.  Count 3 is therefore deficiently pled or barred by Section 230 immunity and should be dismissed.

## III.   PLAINTIFF'S INTENT TO REQUEST LEAVE TO FILE A FURTHER AMENDED COMPLAINT IS IMPROPER AND FUTILE

Plaintiff notes in passing that "[w]hen the issues of law are clear, Plaintiff intends to request permission of the court to amend the complaint, which will allow the issuance of subpoenas to the other [individual] defendants."  Opp. 4.  To the extent Plaintiff suggests that the Court should allow Plaintiff leave to further amend the Amended Complaint as against Wikimedia, that request is improper and should be disregarded.  *See Kader v. Sarepta Therapeutics, Inc.*, 887 F.3d 48, 61 (1st Cir. 2018) (condemning "a 'wait and see' approach to pleading, whereby plaintiffs 'having the needed information, deliberately wait in the wings . . . with another amendment to a complaint should the court hold the first amended complaint was insufficient'" (citation omitted)).  Plaintiff already amended his complaint in response to Wikimedia's initial motion to dismiss, and received additional time to file the Opposition.  At no point has Plaintiff pleaded allegations sufficient to state a claim or demonstrated any prospect of being able to do so.  Plaintiff's throwaway request for leave is therefore meaningless, and any further amendment would be futile.

### <u>CONCLUSION</u>

For the reasons set forth above and in Wikimedia's Motion to Dismiss, the Amended Complaint should be dismissed with prejudice.

Dated: September 4, 2019

Respectfully submitted,

WIKIMEDIA FOUNDATION, INC.,

By its attorneys,

/s/ Christopher M. Morrison

Christopher M. Morrison (BBO #651335)
Erik N. Doughty (BBO #691487)
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Telephone: (617) 960-3939
Facsimile: (617) 449-6999
cmorrison@jonesday.com
edoughty@jonesday.com

*Attorneys for Defendant Wikimedia
Foundation, Inc.*